UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'     JS-6

| Case No. | 5:14-cv-00374-CAS(ASx) | Date | June 24, 2014 |
|---|---|---|---|
| Title | 1H3 PROPERTY WEST LP V. SANDRA FLORES ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants |
| Not Present | | Not Present |

**Proceedings:**     **(In Chambers:)** PLAINTIFF'S MOTION TO REMAND (Dkt. #7, filed June 11, 2014)

       The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of July 14, 2014, is vacated, and the matter is hereby taken under submission.

       On December 19, 2013, plaintiff 1H3 Property West, L.P., filed this unlawful detainer action against pro se defendants Sandra Flores and Mario Molina in Riverside County Superior Court. Defendants removed the case to this Court on February 27, 2014, asserting that this Court has jurisdiction on the basis of a federal question. Dkt. 1. On June 11, 2014, plaintiff filed a motion to remand this action to Riverside County Superior Court, on the grounds that this Court lacks subject matter jurisdiction over this action. Dkt. 7. This motion is scheduled for hearing on July 14, 2014. Pursuant to Local Rule 7-9, defendants' opposition was due on June 23, 2014. To date, defendants have not filed an opposition.[1]

       After considering plaintiff's arguments in the present motion, as well as defendants' contentions in their notice of removal, the Court concludes that it lacks subject matter jurisdiction over this action. The law is clear that "[u]nlawful detainer actions are strictly within the province of state court." <u>Federal Nat'l Mort. Assoc. v.</u>

---

[1] Pursuant to Local Rule 7-12, failure to file a timely opposition to a motion may be deemed to constitute consent to granting the motion. Additionally, leaving aside Local Rule 7-12, the Court finds that it is appropriate to rule on the present motion without an opposition because the absence of subject matter jurisdiction is patently clear from the record.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 5:14-cv-00374-CAS(ASx) | Date | June 24, 2014 |
|---|---|---|---|
| Title | 1H3 PROPERTY WEST LP V. SANDRA FLORES ET AL. | | |

Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007). Here, the only claim asserted by plaintiff is for unlawful detainer against defendants. See Dkt. 1. Defendants cannot create federal subject matter jurisdiction by adding claims or asserting defenses, as defendants attempt to do here. See Dkt. 1.[2]

    Accordingly, the Court concludes that it lacks subject matter jurisdiction over this action. This case is hereby REMANDED to Riverside County Superior Court.

    IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |

---

[2] Defendants also contend in their notice of removal that plaintiff's claim for unlawful detainer is based on federal law because it "expressly references and incorporates" the "Protecting Tenants at Foreclosure Act of 2009." Dkt. 1. However, no reference to this statute appears anywhere in plaintiff's complaint. Moreover, as stated above, unlawful detainer actions are strictly the province of the state courts.